# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PRECIOUS KELLY**                                                                                       **PLAINTIFF**

**v.**                                        **No: 1:18-cv-00026 JM-PSH**

**RICKI MORRIS,** *et al.*                                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Precious Kelly filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 12, 2018, while incarcerated at the Arkansas Department of Correction's McPherson Unit (Doc. No. 1). On April 16, 2018, Kelly was ordered to pay the filing fee or file a complete application to proceed *in forma pauperis* ("IFP"). Doc. No. 2. Kelly was subsequently granted leave to proceed IFP and was ordered to file an amended complaint containing a short statement of the specific role each defendant had in the alleged constitutional violations and describing the injuries she sustained. Doc. No. 4. Kelly was also instructed to specify whether she is suing the defendants in

their official and/or individual capacities. *Id.* Kelly's amended complaint indicates that she is suing defendants in their official capacities only. *See* Doc. No. 5. Because Kelly did not specify what relief she seeks, she was ordered to amend her complaint again. *Id.*; Doc. No. 8. Kelly filed a second amended complaint on June 12, 2018 (Doc. No. 9). She clarified that she seeks money damages. Doc. No. 9 at 5.

Because Kelly sues defendants in their official capacities only and seeks money damages, her claims should be dismissed for failure to state a claim upon which relief may be granted. A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any official capacity claim for monetary damages against that defendant is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).

For the reasons stated herein, it is recommended that:

1. Kelly's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 13th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE